Case 2:23-ap-01228-WB    Doc 23    Filed 11/13/23    Entered 11/13/23 15:12:07    Desc
Main Document    Page 1 of 11

SQUIRE PATTON BOGGS (US) LLP
Karol K. Denniston (CA Bar # 141667)
555 California Street, Suite 550
San Francisco, California 94104
Telephone: (415) 954-0200
Facsimile: (415) 393-9887
karol.denniston@squirepb.com

Peter R. Morrison (*pro hac vice*)
1000 Key Tower
127 Public Square
Cleveland, OH 44114
Telephone: (216) 479-8500
Facsimile: (216) 479-8780
peter.morrison@squirepb.com

*Attorneys for United Overseas Bank Limited*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>URBAN COMMONS, LLC,<br><br>    Debtor.<br><br>CAROLYN A. DYE, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED OVERSEAS BANK LIMITED,<br><br>    Defendant. | Case No. 2:21-bk-13523-WB<br><br>Chapter 7<br><br>Adversary Case No. 2:23-ap-01228-WB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UNITED OVERSEAS BANK LIMITED'S MOTION FOR JUDGMENT ON THE PLEADINGS UNDER RULE 12(c)**<br><br>**DATE:** December 12, 2023<br>**TIME:** 2:00 p.m.<br>**PLACE:** Courtroom 1375<br>           255 E. Temple Street<br>           Los Angeles, CA 90012 |

MEMORANDUM IN SUPPORT
CASE NO. 2:23-ap-01228-WB/CHAPTER 7

## INTRODUCTION

The Trustee's Complaint (defined below) is devoid of any facts which might support the fraudulent transfer claims that it has filed against United Overseas Bank ("UOB"). Indeed, if the Trustee had undertaken even a modicum of diligence prior to filing the Complaint, it would have learned that the transfers in question were payments on a secured loan for which the Debtor, as the sole member and manager of the borrower, received complete value. The law on these points is incontrovertible and the facts in the record before the Court cannot be disputed. The Trustee can prove no set of facts that entitle it to relief. As a result, this Court should grant UOB judgment on the pleadings under Federal Rule of Civil Procedure 12(c). UOB has, without success, tried to spare the Court and the estate the time and expense of litigating this matter, but counsel for the Trustee has refused to engage in any substantive discussions. *See* Answer, at 2. In support of its Motion for Judgment on the Pleadings, UOB states as follows:

## FACTUAL BACKGROUND

This case is about two payments that the Debtor made to UOB on behalf of its wholly owned subsidiary, Urban Commons Danbury, LLC (the "Borrower") on or about August 29, 2018 and November 6, 2018—both in connection with a secured loan facility.

### A. The Debtor Causes the Borrower to Enter into a $10,600,000 Secured Loan Agreement with UOB.

The Debtor was a real estate investment firm that managed a large portfolio of entities operating in the hospitality space. The Debtor formed and managed single-purpose entities that directly owned 100% of a hotel property. Once formed, the Debtor solicited capital from investors by offering securities in the single-purpose entities. *See* Answer, at 2. On July 7, 2015, the Debtor authorized and directed the Borrower, as the Borrower's sole member and manager, to enter into a secured loan transaction to borrow $10,600,000 from UOB. *See* Answer, Exhibit 1.

1

MEMORANDUM IN SUPPORT
CASE NO. 2:23-ap-01228-WB/CHAPTER 7

The secured loan transaction (the "Loan Transaction") included several transaction documents and agreements (together, the "Loan Documents"), including, but not limited to, the following:

1. *Open-End Mortgage, Security Agreement and Fixture Filing with Assignment of Rents and Leases*, attached to the Answer as Exhibit 2;

2. *Term Loan Agreement* (the "Loan Agreement"), attached to the Answer as Exhibit 3;

3. *Security Agreement*, attached to the Answer as Exhibit 4;

4. *Promissory Note Secured by Mortgage*, attached to the Answer as Exhibit 5;

5. *Unanimous Written Consent of the Sole Member and Manager of Urban Commons Danbury, LLC*;

6. The June 25, 2018 executed extended maturity date letter (the "June 25, 2018 Extended Maturity Date Letter"), attached to the Answer as Exhibit 6; and

7. The Personal Guarantees signed by Taylor R. Woods and Howard Chorng Jeng Wu, attached to the Answer as Exhibit 7.

Pursuant to the Loan Transaction, UOB loaned the Borrower $10,600,000 secured by an all-assets lien and a mortgage on the property at 18 Old Ridgebury Road, Danbury, Connecticut 06810 (the "Property"). *See* the Loan Agreement at 1; *UCC Financing Statement*, attached to the Answer as Exhibit 8. The Loan Transaction was originally to mature on July 7, 2018 (the "Maturity Date").

**B. The Borrower Defaults and UOB Conditionally Extends the Maturity Date.**

At the request of the Borrower, on June 25, 2018, UOB granted the Borrower a Maturity Date extension through January 9, 2019 (the "Extended Maturity Date"). As of the original Maturity Date, the Borrower owed UOB an estimated $9,835,713.70 in principal alone. *See* June 25, 2018 Extended Maturity Date Letter. UOB required the Borrower to satisfy certain conditions in exchange for extending the Maturity Date, including requiring the Borrower to maintain a loan-to-value ratio under 55% and to adhere to all other terms of the Loan Documents. *Id*. at 4, 6. The

Loan Agreement required the Borrower to maintain a Furniture Fixtures and Equipment Reserve (the "FF&E Reserve") equal to 4% of the gross revenues of the Property for each calendar quarter. *See* the Loan Agreement at 26-27.

The Borrower did not comply with the extension requirements in the June 25, 2018 Extended Maturity Date Letter. As of the August 29, 2018 Alleged Transfer, the FF&E Reserve Requirements remained unmet, and the Borrower requested UOB apply the $369,008.72 August 29, 2018 Alleged Transfer to the FF&E Reserve, and UOB did so. *See* August 29, 2018 letter from Danny NG Ee Hung to Eddy LAW Kam Hung and related Wire Detail Reports, attached to the Answer as Exhibit 9. At or about the time the Borrower obtained new financing to repay UOB, the principal of the Debtor asked UOB to apply the balance of the FF&E Reserve account to the principal amounts of the loan, pursuant to the terms of the Loan Agreement. *See* December email exchange between Taylor Woods and UOB and related Beneficiary Statement, attached to the Answer as Exhibit 11; the Loan Agreement at 15, 26-27.

As of October 5, 2018, the Borrower was in breach of the required loan-to-value ratio. On October 5, 2018, UOB sent a letter to the Borrower demanding payment. *See* October 5, 2018 letter to the Borrower, attached to the Answer as Exhibit 12. On November 6, 2018, UOB received a payment of $600,000 with the note "Principal Repayment Urban Commons Danbury." *See* Wire Detail Report, attached to the Answer as Exhibit 13. UOB applied the amounts to the outstanding principal, as directed. *See* Nov. 13, 2018 letter to the Borrower, attached to the Answer as Exhibit 10. Despite the application of this payment, the borrower remained in default. *Id*. On January 3, 2019 the remainder of the Borrower's loan balance was paid off. *See* Mortgage Release, attached to the Answer as Exhibit 15.

**C. The Trustee's Complaint.**

On June 18, 2023, the Trustee filed its *Complaint for (1) Avoidance and Recovery of Fraudulent Transfers, (2) Preservation of Fraudulent Transfers, and (3) Disallowance of Claims* (the "Complaint") initiating this adversary proceeding.

The Complaint makes one factual statement: the Debtor allegedly made two transfers to UOB in the four years leading up to the Debtor's bankruptcy case in a total aggregate amount of $989,008.72 (the "Alleged Transfers"). *See* Complaint, at 4. The Trustee attaches two bank statements that appear to evidence the Alleged Transfers. *See* Complaint, Exhibit 1. The first of the Alleged Transfers occurred on August 29, 2018 in the amount of $369,008.72. *Id*. The second of the Alleged Transfers occurred on November 6, 2018 in the amount of $600,000. *Id*.

The remainder of the Complaint's nine pages contain various statements made upon "information and belief" and assertions based on constructive fraudulent transfer under California law. *See* Complaint, at 5-6.

The Complaint alleges no facts that establish the transfers violate any law, fraudulent transfer or otherwise. Indeed, it cannot. As demonstrated by UOB's Answer and attached exhibits, if the Trustee had investigated the facts, the Trustee would have discovered that those facts do not and could not ever support a constructive fraudulent claim.

## LEGAL STANDARD

There is no need for discovery or any further delay adjudicating the counts in the Complaint. The facts and the law strongly support a judgement in favor of UOB now. "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." *In re Downs*, Case No. 8:16-bk-12589-SC, Adv. No. 8:18-ap-01168-SC, 2020 WL 7483142, at *4 (Bankr. C.D. Cal. Nov. 17, 2020) (quoting Fed. R. Civ. P. 12(c)). "[J]udgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled

to judgment as a matter of law." *In re Downs,* 2020 WL 7483142, at *5 (quoting *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)). "Judgment may only be granted when the pleadings show that it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Downs*, 2020 WL 7483142, at *4 (quoting *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997)). "In determining whether judgment on the pleadings should be entered, a [bankruptcy] court may consider the allegations made in the complaint and the answer, materials attached to the complaint in accordance with Rule 10(c) of the Federal Rules of Civil Procedure. . ." *In re Downs*, 2020 WL 7483142, at *4; *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (noting the same under a Rule 12(b)(6) standard).

## ARGUMENT

### A. UOB Provided the Debtor with Reasonably Equivalent Value Because the Alleged Transfers Were Payments on Antecedent Debt.

The Debtor received reasonably equivalent value for the Alleged Transfers because the Alleged Transfers reduced the loan obligations of its wholly owned subsidiary. This fact necessarily rules out any potential action for constructive fraudulent transfer. Pursuant to the California UFTA, a transfer is constructively fraudulent if a debtor (1) made the transfer while insolvent, became insolvent as a result of the transfer, or had unreasonably small assets relative to the transfer, and (2) received less than reasonably equivalent value. *See* California Civil Code § 3439.04(a)(2); California Civil Code § 3439.05.

Section 3439.03 of the California UFTA provides that "value" is given when an "antecedent debt" is satisfied. When the transfer to a creditor is in dollar-for-dollar satisfaction of an antecedent debt, there can be no claim for constructive fraudulent transfer. *See Cambridge Elecs. Corp. v. MGA Elecs., Inc.* 227 F.R.D. 313, 333-334 (Bankr. C.D. Cal. 2004) (holding that payments made by a debtor on a secured debt were not fraudulent because the payments were a dollar-for-dollar

reduction); *In re Walters*, 163 B.R. 575, 581 (Bankr. C.D. Cal. 1994) ("A proportionate reduction in rights or liability constitutes an exchange of reasonably equivalent value for fraudulent transfer purposes under the Bankruptcy Code or California state law."); *In re Crucible Materials Corp.*, 2012 WL 5360945, at *8 (D. Del. Oct. 31, 2012) (citing *Atlanta Shipping Corp. v. Chem. Bank*, 818 F.2d 240, 249 (2d Cir. 1987)) (stating same); *see e.g., In re Fitness Holdings Intern., Inc.*, 714 F.3d 1141, 1145-46 (9th Cir. 2013) (in applying fraudulent transfer under the Bankruptcy Code, saying that "to the extent a transfer constitutes repayment of the debtor's antecedent or present debt[1], the transfer is not constructively fraudulent.").

The Ninth Circuit Bankruptcy Appellate Panel has upheld a bankruptcy court's dismissal of a fraudulent transfer action with prejudice in part because the satisfaction of an antecedent debt was "fatally inconsistent" with California's constructive fraudulent transfer law. *In re Menjivar*, BAP No. CC-12-1608-KuBaPa, 2014 WL 308912, at *7 (9th Cir. BAP Jan. 28, 2014). In *Menjivar*, the debtors in a chapter 13 case sued a bank, in part, for constructive fraudulent transfer under California's UFTA. The debtors sought to undue a refinancing transaction entered into between the debtors and the bank to refinance a prior loan secured by the debtors' principal residence. The bank filed a motion to dismiss the claim. The bankruptcy court dismissed the claim with prejudice, because the refinancing transaction paid off the original secured loan. In upholding the bankruptcy court's ruling, the Ninth Circuit Bankruptcy Appellate Panel stated that "it simply is not plausible that the satisfaction of antecedent debt . . . d[oes] not constitute reasonably equivalent value." *See id*.

---

[1] As discussed below, there is a presumption that payment on behalf of a subsidiary benefits the debtor on a dollar-for-dollar basis.

There can be no dispute based on the record that the Debtor made the Alleged Transfers as payments under the Loan Transaction; as such, the Alleged Transfers were payments on an antecedent debt for which UOB provided reasonably equivalent value.

### B. UOB Provided the Debtor with Reasonably Equivalent Value Because the Alleged Transfers Were for the Benefit of Its Wholly Owned Subsidiary

UOB provided the Debtor reasonably equivalent value in exchange for the Alleged Transfers because the Alleged Transfers reduced the loan obligation of the Debtor's wholly owned subsidiary.

If the consideration of a transfer is passed to a subsidiary of the debtor, there is a presumption that the consideration benefits the debtor. *See In re Darrow Auto. Grp., Inc.*, Bankruptcy No. 09-11228; Adversary No. 10-01078, 2011 WL 1321504, at *6-7 (S.D. Ga. Mar. 29, 2011)[2]; *Garrett v. Falkner (In re Royal Crown Bottlers of N. Alabama, Inc.)*, 23 B.R. 28, 30 (N.D. Ala. 1982) (stating that, although it is a general rule the consideration to a third party is not reasonably equivalent value, "the passing to a subsidiary of the consideration for a transfer by a debtor-parent may be presumed to be substantial, because the subsidiary corporation is an asset of the parent corporation, and what benefits the asset will ordinarily accrue to the benefit of its owner"); *see e.g., United States v. Hundley*, 02 CR 441 (LAP), 2013 WL 12384285, at *5 n.4 (S.D.N.Y. Oct. 8, 2013) (noting that "where the question in a constructive fraudulent conveyance claim is whether a parent company in bankruptcy received reasonably equivalent value for guaranteeing an obligation of its wholly-owned subsidiary, courts recognize that all of the benefits received by the wholly-owned subsidiary as a result of the guarantee accrue to the parent company.").

---

[2] The court in *In re Darrow Auto. Grp., Inc.* denied the Motion for Summary Judgment so that the trustee could conduct discovery because questions of fact remained concerning an insurance policy and the debtor's corporate structure.  2011 WL 1321504, at *6-7.  As UOB's answer shows, no such lingering questions are present here.

The record is indisputable. The Debtor's wholly owned and controlled direct subsidiary borrowed $10,600,000 from UOB. The Alleged Transfers either directly (in the case of the $600,000 transfer) or later (in the case of the $369,008.72 funding of the reserve account) satisfied the antecedent debt of the wholly owned and controlled subsidiary of the Debtor. The Debtor received reasonably equivalent value in exchange for the Alleged Transfers. For this reason, the Trustee cannot sustain any claim for constructive fraudulent transfer under the California UFTA.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, UOB respectfully requests the Court: (a) enter judgment in favor of UOB, (b) deny Plaintiff any and all relief requested in the Complaint, dismissing with prejudice all claims asserted by Plaintiff in the Complaint against Defendant; and (c) grant UOB such further and additional relief as this Court deems just and equitable.

Dated:  November 13, 2023     SQUIRE PATTON BOGGS (US) LLP

*/s/ Karol K. Denniston*
Karol K. Denniston (CA Bar # 141667)
555 California Street, Suite 550
San Francisco, CA 94104
Telephone: (415) 954-0200
Facsimile: (415) 393-9887
karol.denniston@squirepb.com

Peter R. Morrison (*pro hac vice*)
1000 Key Tower
127 Public Square
Cleveland, OH 44114
Telephone: (216) 479-8500
Facsimile: (216) 479-8780
peter.morrison@squirepb.com

*Attorneys for United Overseas Bank*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
555 California Street, Suite 550
San Francisco, California 94104

A true and correct copy of the foregoing document entitled (*specify*): _____
Memorandum of Points and Authorities in Support of Defendant United Overseas Bank Limited's Motion for Judgment
on the Pleadings under Rule 12(c)
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/13/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  Leonard Pena, lpena@penalaw.com
  Carolyn A. Dye, Trustee, trustee@cadye.com
  United States Trustee, ustpregion16.la.ecf@usdoj.gov
  Peter R. Morrison, peter.morrison@squirepb.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/13/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

  Hon. Julia W. Brand, United States Bankruptcy Court, 255 E. Temple Street, Suite 1382, Los Angeles, CA 90012 (via Federal Express)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/13/2023 | Karol K. Denniston | /s/ Karol K. Denniston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                            **F 9013-3.1.PROOF.SERVICE**