LEONARD PEÑA (State Bar No. 192898)
JULIE A. SOMA (State Bar No. 180170)
lpena@penalaw.com
PEÑA & SOMA, APC
402 South Marengo Ave., Suite B
Pasadena, California 91101
Telephone (626)396-4000
Facsimile (626)498-8875

Attorneys for Plaintiff
Carolyn A. Dye, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:21-bk-13523 WB |
| URBAN COMMONS, LLC, | Chapter 7 |
| Debtor. | |
| | Adv. No. 2:23-ap-01228 WB |
| CAROLYN A. DYE, Chapter 7 Trustee, | |
| Plaintiff, | PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | Date: December 12, 2023 |
| | Time: 2:00 PM |
| UNITED OVERSEAS BANK LIMITED, | Place: Courtroom 1375 |
| | Roybal Federal Building |
| Defendant. | 255 E. Temple Street |
| | Los Angeles, CA 90012 |

-1-

Plaintiff Carolyn A. Dye, the Chapter 7 Trustee (the "Plaintiff") for the bankruptcy estate of *Urban Commons, LLC* hereby submits her opposition to Defendant United Overseas Bank Limited's motion for judgment on the pleadings ("Motion").

## I. **LEGAL STANDARD**

"After the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." *Fed. R. Civ. P.* 12(c). A Rule 12(c) motion to dismiss is "functionally identical" to a Rule 12(b) motion, and the standard of review is the same. *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989). A complaint cannot be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

"When analyzing a motion to dismiss under Rule 12(c), a court must accept as true the material allegations contained in the non-moving party's pleading and construe the pleadings in the light most favorable to that party." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1990). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to a judgment as a matter of law." *Id.*

A complaint must provide a short and plain statement that provides the defendant with notice of the claim being asserted, and supply enough factual matter, taken as true, to suggest a

violation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). In *Twombly* the Supreme Court stated that a complaint is "not require[d] [to include] heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In determining whether a complaint alleges a plausible claim, a court must accept as true all well-pled facts and draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009).

When considering a motion to dismiss the Court should not consider exhibits that "go beyond the pleadings, attachments thereto and documents incorporated by reference therein" because doing so converts the motion for judgment on the pleadings into a Rule 56 motion for summary judgment. *Aikens v. U.S. Transformer, Inc.,* No. CV-07-138-E-EJL-LMB, 2008 U.S. Dist. LEXIS 19285, at *11 (D. Idaho Mar. 11, 2008).

**II.  ARGUMENT**

    **a. Defendant Concedes It Received A Transfer Of The Property Of The Insolvent Debtor.**

In moving for judgment on the pleadings, the Defendant makes critical concessions. First, Defendant acknowledges that that the Debtor made transfers to it in the amount of $989,008.72 ("Transfer"). Second, the Defendant does not controvert that the complaint alleges that the Debtor was insolvent at the time of the Transfer to the Defendant.

In fact, the only issue of material fact in dispute is the Defendant's second affirmative defense that the Transfer cannot

be avoided because the Debtor received reasonable equivalent value in exchange for the Transfer.

Most of the Motion is dedicated to arguing that the Debtor received reasonably reasonable equivalent value in exchange for the Transfer because it was a payment on account of "antecedent debt" and the Transfer was "for the benefit of its [Debtor's] wholly owned subsidiary." Both arguments fail and certainly the Defendant's answer does not answer the question of reasonably equivalent value, and this is a material fact in dispute that requires discovery and a trial.

### i. **Debtor Owed No Debt To Defendant.**

Contrary to the Defendant's assertions, all their own loan documents and related documents attached to their answer and cited in the Motion, conclusively establish that only Urban Commons Danbury, LLC ("Danbury") and the individuals Howard Wu and Taylor Woods were indebted to the Defendant. The Debtor owed nothing to the Defendant and certainly at the time of the Transfer the Debtor had no obligation to pay Defendant anything on account of any "antecedent" debt.

In support of their failing "antecedent debt" argument, the Defendant misquotes or fails to cite in full the language in *Cambridge Elecs. Corp. v. MGA Elecs., Inc.* 227 F.R.D. 313 misstating that when transfer to a creditor is in satisfaction of an antecedent debt there can be no fraudulent transfer claim. Instead, in a string cite, not the holding of the case, the *Cambridge* Court stated:

> Repayments of fully secured obligations -- where a transfer results in a dollar for dollar reduction in the **debtor's liability** -- do not hinder, delay or defraud creditors

[under CAL. CIV. CODE § 3439.04] because the transfers do not put assets otherwise available in a bankruptcy distribution out of their reach, do not result in a diminution of the debtor's estate, and therefore cannot be fraudulent"); *Marshack v. Wells Fargo Bank (In re Walters)*, 163 B.R. 575, 581 (Bankr. C.D. Cal. 1994) *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 334 (C.D. Cal. 2004). (Emphais added).

The Defendant notably omits the crucial phrase "Debtor's liability", that is, no claim for fraudulent transfer can be sustained where the transfer is on account of the Debtor's liability.

As described in detail in the Defendant's Motion, the Defendant entered in a loan transaction with Danbury where:

1. Danbury executed loan documentation;
2. Danbury received the loan proceeds from the Defendant;
3. Defendant's loan to Danbury was guaranteed by individuals Howard Woods and Taylor Wood;
4. Danbury purported defaulted on the loan; and
5. Danbury ultimately paid back the loan to the Defendant.

It is also clear from the Motion that:

1. The Debtor Urban Commons, LLC ("Debtor") did not execute any loan documentation in favor of the Defendant;
2. Debtor did not receive any loan proceeds from the Defendant;
3. Debtor did not default on any loan to Defendant;
4. Debtor did not guarantee Danbury's loan from the Defendant; and
5. Debtor did not benefit in any way from the loan transaction between the Defendant and Dansbury.

The Debtor had no liability to the Defendant and therefore the Transfers to the Defendant could not have possibly been on account of any antecedent debt owed by the Debtor to the Defendant. *See In re Bay W. Kailua Bay*, Nos. 11-03124, 13-90045, 2014 Bankr. LEXIS 5080, at *10-12 (Bankr. D. Haw. Dec. 18, 2014) "value is given for a transfer . . . if in exchange for the transfer . . . an antecedent debt is . . . satisfied . . . . But in most cases this only applies if the transferee owes the debt. Ordinarily, a transferor receives no benefit or value when it pays someone else's debt."

The Debtor received no value for paying Danbury's debt.

### ii. **Debtor Received No Value For Transfer On Behalf Of Dansbury.**

As described above, the Debtor owed no money to Defendant, so it received no direct value when it made the Transfer to the Defendant.  Likewise, the Defendant's argument that the Debtor received reasonably equivalent value in exchange for the Transfer for Danbury's benefit also fails.  All the documents attached to the Defendant's answer do little more than establish that the Debtor was Danbury's managing member.  However, this parent affiliate relationship does not by itself establish that the Debtor received reasonably equivalent value in exchange for the Transfer.

Undoubtedly, a parent entity can receive reasonably equivalent value in exchange for payments of a subsidiary's debt. *In re Bay W. Kailua Bay,* Nos. 11-03124, 13-90045, 2014 Bankr. LEXIS 5080, at *12 (Bankr. D. Haw. Dec. 18, 2014). However, to make a finding that a debtor received reasonably

equivalent value in exchange for the payment of its affiliate's debt requires a detailed inquiry into the facts of the case. *Rubin v. Manufacturers Hanover Trust Co.,* 661 F.2d 979, 993-94 (2d Cir. 1981).  Courts presume that a parent's payments that benefit a subsidiary are "of nominal value" to the parent, unless there is contrary evidence proving that some "clear and tangible benefit" accrued to the parent. *Pajaro Dunes Rental Agency, Inc. v. Spitters (In re Pajaro Dunes Rental Agency, Inc.),* 174 B.R. 557, 579 (Bankr. N.D. Cal. 1994).  The benefit must conform to the Ninth Circuit's holding that "any consideration not involving utility for the creditors [of the debtor]" is not value.  *Hayes v. Palm Seedlings Partners (In re Agricultural Research and Technology Group, Inc.)*, 916 F.2d 528, 540 (9th Cir. 1990).

 Defendant's reliance on *United States v. Hundley, No. 02 CR 441 (LAP), 2013 U.S. Dist. LEXIS 204222 (S.D.N.Y. Oct. 8, 2013)* is distinguishable because it involves a situation where a parent guaranteed an obligation of a subsidiary.  Here, the Debtor did not guarantee any obligation of Dansbury.

Likewise, the Defendant's reliance on *Coleman v. Zurich Am. Ins. Co. (In re Darrow Auto. Grp., Inc.)*, Nos. 09-11228, 10-01078, 2011 Bankr. LEXIS 5253 (Bankr. S.D. Ga. Mar. 29, 2011) for the proposition that there is presumption that the debtor receives a benefit when it makes a transfer on behalf of subsidiary should be disregarded by this Court.  Rather, this Court should rely on the Ninth Circuit authority in *Pajaro Dunes Rental Agency, Inc. v. Spitters (In re Pajaro Dunes Rental Agency, Inc.),* 174 B.R. 557, 579 (Bankr. N.D. Cal. 1994) and

*Hayes v. Palm Seedlings Partners (In re Agricultural Research and Technology Group, Inc.)*, 916 F.2d 528, 540 (9th Cir. 1990) that payments by parents for their affiliates or subsidiaries are presumed to be of "nominal" value for the parent and that "consideration not involving utility for the creditors [of the debtor]" is not value."

Other than Defendant's assertions that the Debtor received value, the issue of reasonably equivalent value and whether the Debtor received some clear and tangible benefit for the Transfer is a material fact in dispute that require a trial.

## CONCLUSION

For the foregoing reasons the Motion should be denied.

DATED: November 28, 2023                    PEÑA & SOMA, APC

                                            By: /s/ Leonard Peña
                                                LEONARD PEÑA
                                                JULIE A. SOMA
                                                Attorneys for Plaintiff
                                                Carolyn A. Dye,
                                                Chapter 7 Trustee

-8-

| In re: Dye v. United Overseas Bank Limited | Debtor(s). | CHAPTER: 7<br>CASE NUMBER: 2:23-ap-01228 WB |
|---|---|---|

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.    My business address is:
402 S. Marengo Avenue Suite B Pasadena, CA 91101

A true and correct copy of the foregoing document entitled (*specify*):  Plaintiff's Opposition To Motion For Judgment On The Pleadings.    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  11/28/2023 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karol K Denniston on behalf of Defendant United Overseas Bank Limited
karol.denniston@squirepb.com,
travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com

Carolyn A Dye (TR)
trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com

Leonard Pena on behalf of Plaintiff Carolyn A Dye
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On  11/28/2023 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Hon. Julia W. Brand
United States Bankruptcy Court
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.    Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/28/2023 | NOEMI SANDOVAL | /S/ NOEMI SANDOVAL |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.    It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June    2012                                                                                                         **9013-3.1.PROOF.SERVICE**